IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CORNELIA GOSCH, | § | |
| | § | |
| Plaintiff, on behalf of herself | § | |
| and all others similarly situated, | § | |
| | § | CIVIL ACTION NO. 6:11-cv-154 |
| vs. | § | |
| | § | |
| CENTRAL PORTFOLIO | § | |
| CONTROL, INC., and | § | |
| MAIN STREET ACQUISITION CORP. | § | |
| | § | |
| Defendants. | § | |

## NATURE OF ACTION

1. This is class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to the plaintiff's action occurred in this State and this district, where the plaintiff resides in this State and this district, and where the defendants transact business in this State and this district.

## PARTIES

4. Plaintiff Cornelia Gosch ("Plaintiff"), is a natural person who at all relevant times resided in Milam County, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Central Portfolio Control, Inc., is a foreign corporation formed under the laws of Minnesota. Defendant's principal executive offices are situated at 6640 Shady Oak

1

Road, Suite 300, Eden Prairie, MN 55344.  Defendant may be served by and through its registered agent:  CT Corporation System, 350 North St. Paul, Dallas, TX 75201.

7. Central Portfolio Control, Inc., is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Main Street Acquisition Corp., is a foreign corporation formed under the laws of Nevada.  Main Street Acquisition Corp., may be served by and through its registered agent:  Ron Smith, Attorney Service Associates, Inc., 3610 Josey, Ste 223, Carrolton, TX 75007.

9. Main Street Acquistion Corp., is itself a "debt collector" as defined by 15 U.S.C. § 1692a(6), and is vicariously liable for the collection activity of Central Portfolio Control, Inc. — the company it hired to collect its debt.[1]

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due an original creditor other than Defendant; namely, HSB Bank Nevada NA.

---

[1] *See e.g. Cox v. Hilco Receivables, L.L.C.*:

> Although the Fifth Circuit has not considered this issue, Cox cites the Third Circuit's opinion in *Pollice v. National Tax Funding,* 225 F.3d 379 (3d Cir. 2000), in support of his position.  In *Pollice,* the Third Circuit held that a party which met the definition of debt collector may be held vicariously liable for the collection activity of the company hired by that party to collect its debt. *Id.* at 405.  The court found this to be "a fair result because an entity that is itself a 'debt collector' — and hence subject to the FDCPA-should bear the burden of monitoring the activities of those it enlists to collect debt on its behalf." *Id.*  Other courts outside the Third Circuit have adopted the reasoning of *Pollice.  See Schutz v. Arrow Financial Services, LLC,* 465 F.Supp.2d 872, 876 (N.D. Ill. 2006); *Nelson v. Cavalry Portfolio Services, LLC,* No. 09-cv-0677-PAB-MJW, 2010 WL 1258045, at *2 (D. Colo. March 24, 2010).
>
> The Court agrees with the reasoning of the Third Circuit in Pollice, and joins the other courts that have adopted it.  Thus, Hilco is liable for the actions of Central in collecting the debt . . .

726 F. Supp. 2d 659, 667-68 (N.D. Tex. 2010).

11. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendants, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes.

13. Defendants acquired Plaintiff's obligation, or alleged obligation, originally owed or due, or asserted to be owed or due an original creditor other than Defendant, when it was charged-off and/or in default.

### The June 29, 2010, Initial Communication

14. On or before June 29, 2010, Defendant Central Portfolio Control, Inc., placed a telephone call to Plaintiff in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

15. The telephone call that Defendant Central Portfolio Control, Inc., placed to Plaintiff, on or before June 29, 2010, represents Central Portfolio Control, Inc.'s, initial communication with Plaintiff.

16. Defendant Central Portfolio Control, Inc.'s, initial communication failed to provide Plaintiff with the notices required by 15 USC § 1692 g(a)(3)-(5).

### The July 6, 2010, Written Communication

17. On or about July 6, 2010, Defendant Central Portfolio Control, Inc., printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a

3

creditor other than Defendants.  A true and correct copy of the July 6, 2010, letter ("Letter"), is attached as Exhibit "A"

18. The Letter represents Central Portfolio Control, Inc.'s, initial written communication to Plaintiff.

19. Although the Letter contains the information required by 15 USC § 1692 g(a)(3)-(5), the Letter was mailed to Plaintiff no earlier than July 6, 2010 — seven-days after Central Portfolio Control, Inc.'s, June 29, 2010, initial communication.

20. Accordingly, Defendant Central Portfolio Control, Inc., failed, within five days after the initial communication with Plaintiff in connection with the collection of any debt, to provide Plaintiff a written notice containing the information required by 15 U.S.C. § 1692g(a)(3)-(5).

21. Defendant Central Portfolio Control, Inc., as a matter of pattern and practice, (1) communicates initially with persons by telephone, in an effort to collect from them an obligation, or alleged obligation owed or due, or asserted to be owed or due a creditor other than Defendants; (2) fails to provide to provide the notices required by 15 USC § 1692 g(a)(3)-(5) by or through its initial telephone communications; and (3) fails to provide a written notice containing the disclosures required by 15 U.S.C. § 1692g(a)(3) – (5), within five (5) days thereafter as required by law.

**CLASS ALLEGATIONS**

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

23. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

>All persons located in Texas who, within the past year received a telephone call from Central Portfolio Control, Inc., on or before June 29, 2011, where such communication was Central Portfolio Control, Inc.'s, initial communication, and to whom Central Portfolio Control, Inc., failed to provide the disclosures required by 15 U.S.C. § 1692g(a)(3) – (5), within five (5) days thereafter.

24. The proposed class specifically excludes the United States of America, the states of the 5th Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fifth Circuit and the Justices of the United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

25. The class is averred to be so numerous that joinder of members is impracticable.

26. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

27. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendants.

28. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. §1692 *et. seq.*; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

29. The claims of Plaintiff are typical of those of the class she seeks to represent.

30. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendants. Thus, if brought and prosecuted individually, the

claims of each class member would require proof of the same material and substantive facts.

31. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

32. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

33. Plaintiff is willing and prepared to serve this Court and proposed class.

34. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

35. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

36. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

37. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

38. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

39. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

40. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692g(a)

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 40.

42. The FDCPA at section 1692g(a) provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing —
>
> \*     \*     \*
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(3)-(5).

43. Defendant Central Portfolio Control, Inc., violated 15 U.S.C. § 1692g(a)(3)-(5) by making an initial oral communication with Plaintiff and failing to send Plaintiff a written notice containing the information required by 15 U.S.C. § 1692g(a)(3)-(5) within five-days thereafter.

44. Defendant Main Street Acquisition Corp., is vicariously liable for Central Portfolio, Inc.'s violations of the FDCPA — the debt collector it hired to collect a debt on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

   b. Adjudging that Defendants violated 15 U.S.C. § 1692g;

   c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000 per class member.

  d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

  e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

  f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692c(a)(2)

### (INDIVIDUAL CLAIM)

45. Plaintiff repeats and re-alleges each and evey allegation contained in paragraphs 1 through 44.

46. Plaintiff brings Count II in her individual capacity and exclusively on her own behalf.

47. The FDCPA at section 1692c(a)(2) provides:

> COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> \* \* \*
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or . . .

15 U.S.C. § 1692c(a)(2).

48. On December 7, 2010, Plaintiff, by and through her attorneys, sent Defendant Central Portfolio Control, Inc., a cease and desist letter, by Certified Mail on law firm letterhead,

9

directing Central Portfolio Control, Inc., to cease all communications with Plaintiff.  *See* Exhibit "C" (December 7, 2010, cease and desist letter); Exhibit "D" (Certified Mail receipt).

49.     On December 10, 2010, Central Portfolio Control, Inc., received the December 7, 2010, cease and desist letter.  *See* Exhibit "E" (United States Postal Service Track & Confirm delivery confirmation).

50.     On or after January 1, 2011, Central Portfolio Control, Inc., mailed, or caused to be mailed, directly to Plaintiff a written communication.  *See* Exhibit "F" (Central Portfolio Control, Inc.'s, January correspondence addressed to Plaintiff's home address).

51.     Defendant Central Portfolio Control, Inc., violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant knew that Plaintiff was represented by an attorney with respect to the alleged debt Defendant sought to collect.

52.     Defendant Main Street Acquisition Corp., is vicariously liable for Central Portfolio, Inc.'s violations of the FDCPA — the debt collector it hired to collect a debt on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g.  Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

h.  Adjudging that Defendant violated 15 U.S.C. § 1692g;

i.  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.

j.  Awarding Plaintiff her reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

  k. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  l. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

53. Plaintiff demands trial by jury on all counts.

Dated:  June 7, 2011.    Respectfully submitted,

          WEISBERG & MEYERS, LLC

        By:  /s/ Dennis R. Kurz
          Dennis R. Kurz
          Texas Bar No. 24068183
          dkurz@attorneysforconsumers.com
          WEISBERG & MEYERS, LLC
          9330 LBJ Freeway, Suite 900
          Dallas, TX 75243
          Telephone: (888) 595-9111
          Facsimile: (866) 317-2674

          *Attorneys for Plaintiff*
          CORNELIA GOSCH